PAUL B. BEACH,  State Bar No. 166265
pbeach@lbaclaw.com
JIN S. CHOI, State Bar No. 180270
jchoi@lbaclaw.com
OSCAR A. BUSTOS, State Bar No. 279212
obustos@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Jim McDonnell, Ungrey Holifield, Tawnia Rojas,
Ernesto Valencia, Andrew Hagewood, Matthew Vander Horck, and Allen
Castellano

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE LALLEMAND,<br><br>      Plaintiff,<br><br>   vs.<br><br>COUNTY OF LOS ANGELES, JIM McDONNELL, UNGREY HOLIFIELD, TAWNIA ROJAS, ERNESTO VALENCIA, ANDREW HAGEWOOD, MATTHEW VANDERHORCK, ALLEN CASTELLANO AND DOES 1 THROUGH 10,<br><br>      Defendants. | Case No. 2:17-cv-00781-JAK-SS<br><br>Honorable John A. Kronstadt<br><br>**DEFENDANTS' COUNTY OF LOS ANGELES, JIM McDONNELL, UNGREY HOLIFIELD, TAWNIA ROJAS, ERNESTO VALENCIA, ANDREW HAGEWOOD, MATTHEW VANDER HORCK, AND ALLEN CASTELLANO'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** |

   TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR

ATTORNEYS OF RECORD:

   COMES NOW Defendants County of Los Angeles, Jim McDonnell,

Ungrey Holifield, Tawnia Rojas, Ernesto Valencia, Andrew Hagewood, Matthew

Vander Horck, and Allen Castellano (collectively, "Defendants"), and answering

LALLEMAND\ANSWER

the Complaint herein for themselves and for no other Defendants, admit, deny and allege as follows:

1.      Answering Paragraph 1 of the Complaint, Defendants admit that jurisdiction is proper.  As to the remainder of the allegations set forth in this paragraph, Defendants deny generally and specifically each allegation contained therein.

2.      Answering Paragraphs 2, 4, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 40, 41, 45, 49, 50, 54, 62, 69, 76, 77, 78, 82, 83, 88, 89, 90, 100, and 101 of the Complaint, Defendants lack sufficient information or belief to answer said Paragraphs and, on that ground, deny the allegations contained therein.

3.      Answering Paragraph 3 of the Complaint, Defendants admit that venue is proper.  As to the remainder of the allegations set forth in this paragraph, Defendants deny generally and specifically each allegation contained therein.

4.      Answering Paragraph 5 of the Complaint, Defendants admit that Jim McDonnell was Sheriff of the Los Angeles County Sheriff's Department.  As to the remainder of the allegations set forth in this paragraph, Defendants deny generally and specifically each allegation set forth therein.

5.      Answering Paragraph 6 of the Complaint, Defendants admit that Defendant Allen Castellano was a Captain with the Los Angeles County Sheriff's Department.  As to the remainder of the allegations set forth in this paragraph, Defendants deny generally and specifically each allegation set forth therein.

6.      Answering Paragraph 7 of the Complaint, Defendants admit that Defendant Matthew Vander Horck is a Lieutenant with the Los Angeles County Sheriff's Department.  As to the remainder of the allegations set forth in this paragraph, Defendants deny generally and specifically each allegation set forth therein.

2

7.     Answering Paragraph 8 of the Complaint, Defendants admit that Defendant Tawnia Rojas is a deputy with the Los Angeles County Sheriff's Department.  As to the remainder of the allegations set forth in this paragraph, Defendants deny generally and specifically each allegation set forth therein.

8.     Answering Paragraph 9 of the Complaint, Defendants admit that Defendant Ungrey Holifield is a deputy with the Los Angeles County Sheriff's Department.  As to the remainder of the allegations set forth in this paragraph, Defendants deny generally and specifically each allegation set forth therein.

9.     Answering Paragraph 10 of the Complaint, Defendants admit that Defendant Ernesto Valencia is a deputy with the Los Angeles County Sheriff's Department.  As to the remainder of the allegations set forth in this paragraph, Defendants deny generally and specifically each allegation set forth therein.

10.     Answering Paragraph 11 of the Complaint, Defendants admit that Defendant Andrew Hagewood is a deputy with the Los Angeles County Sheriff's Department.  As to the remainder of the allegations set forth in this paragraph, Defendants deny generally and specifically each allegation set forth therein.

11.     Answering Paragraph 12 of the Complaint, Defendants admit that the County of Los Angeles is duly organized under the laws of the State of California.  Defendants further admit that the County of Los Angeles is the employer of the individually named Defendants.  As to the remainder of the allegations set forth in this paragraph, Defendants deny generally and specifically each allegation set forth therein.

12.     Answering Paragraphs 37, 38, 42, 43, 46, 47, 51, 52, 55, 56, 57, 58, 59, 60, 63, 64, 65, 66, 67, 70, 71, 72, 73, 74, 79, 80, 84, 85, 86, 91, 92, 93, 95, 96, 97, 98, 102, 103, 104, 105, 106, 107, 108, and 109 of the Complaint, Defendants deny generally and specifically each allegation set forth therein.

13.     Answering Paragraph 39 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-38.  As to the remaining allegations

LALLEMAND\ANSWER

set forth in these paragraphs, Defendants deny generally and specifically each and every allegation set forth therein.

14.   Answering Paragraph 44 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-43.  As to the remaining allegations set forth in these paragraphs, Defendants deny generally and specifically each and every allegation set forth therein.

15.   Answering Paragraph 48 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-47.  As to the remaining allegations set forth in these paragraphs, Defendants deny generally and specifically each and every allegation set forth therein.

16.   Answering Paragraph 53 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-52.  As to the remaining allegations set forth in these paragraphs, Defendants deny generally and specifically each and every allegation set forth therein.

17.   Answering Paragraph 61 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-60.  As to the remaining allegations set forth in these paragraphs, Defendants deny generally and specifically each and every allegation set forth therein.

18.   Answering Paragraph 68 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-67.  As to the remaining allegations set forth in these paragraphs, Defendants deny generally and specifically each and every allegation set forth therein.

19.   Answering Paragraph 75 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-74.  As to the remaining allegations set forth in these paragraphs, Defendants deny generally and specifically each and every allegation set forth therein.

20.   Answering Paragraph 81 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-80.  As to the remaining allegations

4

set forth in these paragraphs, Defendants deny generally and specifically each and every allegation set forth therein.

21.     Answering Paragraph 87 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-86.  As to the remaining allegations set forth in these paragraphs, Defendants deny generally and specifically each and every allegation set forth therein.

22.     Answering Paragraph 94 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-93.  As to the remaining allegations set forth in these paragraphs, Defendants deny generally and specifically each and every allegation set forth therein.

23.     Answering Paragraph 99 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-98.  As to the remaining allegations set forth in these paragraphs, Defendants deny generally and specifically each and every allegation set forth therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

24.     The Complaint fails to state a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

25      The individual Defendants are entitled to qualified immunity since there was no constitutional violation, the applicable law was not clearly established and since a reasonable official could have believed that the alleged conduct was lawful.

### THIRD AFFIRMATIVE DEFENSE

26.     That pursuant to California Government Code §818, and *Newport City v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748 (1981), this public

entity defendant is not liable for exemplary or punitive damages in any sum, or at all.

### FOURTH AFFIRMATIVE DEFENSE

27.     That Plaintiff's Complaint fails to state a cause of action against this public entity Defendant for, pursuant to <u>Monell v. Department of Social Services of the City of New York</u>, 56 L.Ed.2d 611 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

### FIFTH AFFIRMATIVE DEFENSE

28.     That Plaintiff's Complaint does not state facts sufficient to constitute a cause of action against this defendant or any defendant herein, because simple negligence pursuant to the United States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527 (1981), is not a federal civil rights violation.

### SIXTH AFFIRMATIVE DEFENSE

29.     A conspiracy cannot be generally alleged in an action brought under the Federal Civil Rights Act.

### SEVENTH AFFIRMATIVE DEFENSE

30.     Under the Civil Rights Act, where intent is an element of the claim, the facts must be alleged in the Complaint with specificity.

### EIGHTH AFFIRMATIVE DEFENSE

31.     The County Sheriff and his subordinates act on behalf of the State, not the County, when engaged in law enforcement activities, consequently, any policies, practices or customs alleged in the Complaint are not those of the County.

### NINTH AFFIRMATIVE DEFENSE

32.     The County is immune from liability under the Eleventh Amendment to the Constitution of the United States.

///

6

**TENTH AFFIRMATIVE DEFENSE**

33.     Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

**ELEVENTH AFFIRMATIVE DEFENSE**

34.     Neither a public employee nor a public entity is liable for any injury caused by the act or omission of another person.

**TWELFTH AFFIRMATIVE DEFENSE**

35.     Neither a public entity nor a public employee acting within the scope of his employment is liable for any injury caused by a public employee's misrepresentation, whether the misrepresentation be negligent or intentional.

**THIRTEENTH AFFIRMATIVE DEFENSE**

36.     Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him.

**FOURTEENTH AFFIRMATIVE DEFENSE**

37.     Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

38.     Any injury to Plaintiff was due to and caused by the negligence and omissions of the plaintiff to care for himself, which carelessness and negligence and omissions were the proximate cause of the damage, if any, to Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

39.     That the damages, if any, should be in direct proportion to the fault of Defendants, if any, as provided by Civil Code §§1431 to 1431.5.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

40.     To the extent that Plaintiff suffered any detriment, such detriment was caused or contributed to by plaintiff's negligence and damage, if any, should be reduced in direct proportion to his fault.

LALLEMAND\ANSWER

**EIGHTEENTH AFFIRMATIVE DEFENSE**

41.     The negligence of a third-party or parties was a superseding, intervening cause of the plaintiff's injuries.

**NINETEENTH AFFIRMATIVE DEFENSE**

42.     Plaintiff failed to mitigate his damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

43.     That any injury or damage suffered by Plaintiff was caused solely by reason of Plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge, the duty of his office, and not by reason of any unlawful acts or omissions of these Defendants.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

44.     That the force, if any, used on Plaintiff was reasonable under the circumstances and that any injury or damages allegedly suffered by Plaintiff were due to and caused by reason of Plaintiff's acts and conduct in the unlawful assault and battery committed by Plaintiff.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

45.     Plaintiff knew or should have known that he was being detained by a peace officer and had the duty to refrain from using force to resist such detention.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

46.     To the extent that any force was used in the detention, it was privileged as necessary to affect the detention, to prevent escape, or to overcome resistance.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

47.     Probable cause existed for the detention of Plaintiff.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

48.     The actions of this Defendant and its employees in all respects were reasonable, proper and legal.

///

8

1        **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

2        49.    Plaintiff was lawfully detained rather than arrested.

3        **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

4        50.    Each of Plaintiff's state law claims is barred by the absolute "official

5    duty" privilege of Civil Code § 47(a).

6        **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

7        51.    Each of Plaintiff's state law claims is barred as having some

8    connection with or logical relation to an "official proceeding" within the absolute

9    privilege of Civil Code § 47(b).

10        **TWENTY-NINTH AFFIRMATIVE DEFENSE**

11        52.    Each of Plaintiff's state law claims is barred by the immunity for

12    discretionary acts under California Government Code § 820.2.

13        **THIRTIETH AFFIRMATIVE DEFENSE**

14        53.    Plaintiff fails to allege a statutory basis for his state law claims.

15        **THIRTY-FIRST AFFIRMATIVE DEFENSE**

16        54.    Plaintiff failed to comply with the California Government Claims

17    Act.

18        **THIRTY-SECOND AFFIRMATIVE DEFENSE**

19        55.    All answering Defendants are immune pursuant to California Penal

20    Code §§ 834a and 847.

21        **THIRTY-THIRD AFFIRMATIVE DEFENSE**

22        56.    All answering Defendants are immune pursuant to California Civil

23    Code § 43.55.

24        **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

25        57.    Plaintiff's California Civil Code § 52.1 claim fails because the

26    alleged detention does not satisfy the elements required for relief under Civil

27    Code § 52.1.

28    ///

9

LALLEMAND\ANSWER

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

58.     Plaintiff's California Penal Code § 148 claim fails as this statute does not support a private right of action, and this "tort in essence" is superfluous and redundant of Plaintiff's other claims.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

59.     Plaintiff's claims against the individual Defendants in their official capacity are duplicative of the claims against the County.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

60.     These answering Defendants did not violate Plaintiff's First Amendment Rights.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

61.     These answering Defendants did not violate Plaintiff's Fourteenth Amendment Rights.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

62.     These answering Defendants did not violate Plaintiff's Fourth Amendment Rights.

## FORTIETH AFFIRMATIVE DEFENSE

63.     Plaintiff's Complaint fails to state a cause of action against Defendants for punitive damages in that punitive damages violate Defendants' due process of law rights.

## FORTY-FIRST AFFIRMATIVE DEFENSE

64.     This action is barred by operation of the applicable statute of limitations including, without limitation, Sections 335.1, 338, 339, 340, and 342 of the California Code of Civil Procedure.

## FORTY-SECOND AFFIRMATIVE DEFENSE

65.     This action is barred, in whole or in part, by the doctrine of waiver.

///
///

LALLEMAND\ANSWER

## FORTY-THIRD AFFIRMATIVE DEFENSE

66.     Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of unclean hands.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

67.     Plaintiff has failed to exhaust all of his administrative remedies.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

68.     Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of estoppel.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

69.     Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of consent.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

70.     Because Plaintiff's Complaint is couched in conclusory terms, Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

71.     Worker's Compensation is Plaintiff's exclusive remedy, thereby barring his claims in their entirety.

## FORTY-NINTH AFFIRMATIVE DEFENSE

72.     Each of Plaintiff's state law claims against this public entity Defendant is barred by California Government Code § 815.2(b).

## FIFTIETH AFFIRMATIVE DEFENSE

73.     Pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

11

1

2        WHEREFORE, Defendants County of Los Angeles, Jim McDonnell,

3   Ungrey Holifield, Tawnia Rojas, Ernesto Valencia, Andrew Hagewood, Matthew

4   Vander Horck, and Allen Castellano pray that Plaintiff take nothing by way of his

5   Complaint and that Defendants herein recover their costs, attorneys' fees, and

6   such other and further relief as the Court may deem just and proper.

7

8   Dated:  May 10, 2017              LAWRENCE BEACH ALLEN & CHOI, PC

9

10                                     By _____ /s/  Jin S. Choi _____

11                                          Jin S. Choi
                                            Attorneys for Defendants
12                                          County of Los Angeles, Jim
                                            McDonnell, Ungrey Holifield, Tawnia
13                                          Rojas, Ernesto Valencia, Andrew
                                            Hagewood, Matthew Vander Horck,
14                                          and Allen Castellano
15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

LALLEMAND\ANSWER

## **DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT

PLEASE TAKE NOTICE that Defendants County of Los Angeles, Jim McDonnell, Ungrey Holifield, Tawnia Rojas, Ernesto Valencia, Andrew Hagewood, Matthew Vander Horck, and Allen Castellano demand a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated:  May 10, 2017                 LAWRENCE BEACH ALLEN & CHOI, PC

By _____/s/ Jin S. Choi_____
                                    Jin S. Choi
                                    Attorneys for Defendants
                                    County of Los Angeles, Jim
                                    McDonnell, Ungrey Holifield, Tawnia
                                    Rojas, Ernesto Valencia, Andrew
                                    Hagewood, Matthew Vanderhorck,
                                    and Allen Castellano

13

LALLEMAND\ANSWER