# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE LALLEMAND<br><br>*Plaintiff,*<br><br>vs.<br><br>COUNTY OF LOS ANGELES, JIM MCDONNELL, UNGREY HOLIFIELD, TAWNIA ROJAS, ERNESTO VALENCIA, ANDREW HAGEWOOD, MATTHEW VANDERHORCK, ALLEN CASTELLANO AND DOES 1 THROUGH 10,<br><br>*Defendants.* | Case No.: CV17-00781 JAK (SSx)<br><br>**STIPULATED PROTECTIVE ORDER RE PLAINTIFF'S PROTECTED HEALTH INFORMATION ("PHI")**<br><br>Assigned for all purposes:<br>*Hon. John A. Kronstadt*<br><br>**\*Discovery matter**<br><br>\***Note Changes Made By Court\*** |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, NOTICE IS HEREBY GIVEN THAT: Plaintiff and Defendants, by and through their respective counsel of record, conferred regarding the discovery of documents and things in the above entitled case and stipulated and agreed that this discovery in this case will involve production of individually identifiable medical,

physical and mental health diagnostic, counseling, treatment and billing information, including but not limited to, protected health information as defined by 45 CFR § 160.103 – for which federal law provides special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted (herein after "Confidential Materials"). Therefore, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for the Confidential Materials is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Upon the foregoing reasons, the Court finds good cause exists to grant the following Protective Order the terms of which shall govern the Confidential Materials in this matter:

A. For purposes of this Order, Confidential Materials include, but are not limited to:

1. Plaintiff's individually identifiable medical, physical and mental health diagnostic, counseling, treatment and billing information, including but not limited to, protected health information as defined by 45 CFR § 160.103.

2. Plaintiff's personal and/or therapeutic notes, diary entries and/or journal entries concerning or relating to item 1, herein above.

B. The confidentiality of documentation being provided pursuant to this Protective Order will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect. The documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order. The "Confidential" mark or watermark shall not obscure the writings on the document's legibility and shall not be repeated more than once per page.

C. Confidential Information may be used by the persons receiving such information only for the purpose of this above-captioned litigation.

D. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

E. Subject to the further conditions imposed by this protective order, Confidential Information may be disclosed only to the following persons:

1. Counsel for the parties and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

2. Such other parties as may be agreed by written stipulation among the parties hereto, or by Court Order.

3. Court personnel.

4. The parties themselves as necessary for the defense or prosecution of this action.

F. Prior to the disclosure of any Confidential Information to any person described in paragraph E(1) or E(2), with the exception of all Court Personnel and employees of counsel for Plaintiffs and Defendants, counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this protective order, and shall cause him or her to execute the following acknowledgment:

"I understand that I am being given access to Confidential Information pursuant to the foregoing protective order. I have read the stipulation/protective order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.

Dated: _____/s/ _____"

Once this is completed, Counsel will serve a copy of the acknowledgment upon counsel for all other parties.

G. Upon the final termination of this litigation, including any appeal pertaining thereto, all materials that were designated as confidential, as well as any other Court Ordered Documents provided pursuant to this Protective Order and all copies thereof, shall be returned to the office of counsel of the party to whom the materials pertain.

H. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, it shall immediately give written notice to counsel for the party to whom the request pertains, identifying the Confidential Information sought and the time in which production or other disclosure

is required, and the affected party shall, per their discretion, object to the request or subpoena on the grounds of this stipulation/protective order, OR other grounds and/or obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. No party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the party to whom to the privileges apply. The duty is to notify. However, in no event should production or disclosure be made without written approval by the affected party's counsel unless required by Court Order arising from a motion to compel production or disclosure of Confidential Information.

I. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation, except at trial, with which Confidential Information is included shall first be accompanied by an application, pursuant to Local Rule 79-5.1, to request that the papers, or the confidential portion thereof, be lodged under seal.

J. During discovery which could entail the discussion or disclosure of Confidential Information, any party will have an opportunity to request that access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agreed to be bound by this protective order, and court personnel.

K. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

L. This order does not prejudice any of the parties' rights to challenge the designation of materials as confidential. In the event there is some "good faith" disagreement as to whether certain documents and/or information provided by the parties that were labeled as "confidential" should be treated as confidential, the parties shall make informal attempts to resolve such issues.

M.  Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

N.  The court shall maintain continuing jurisdiction over this matter to the extent necessary to enforce the terms and /or address alleged breaches of this protective order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  October 26, 2017  
ORANGE LAW OFFICES, P.C.

*/s/ - Olu K. Orange*  
_____  
Olu K. Orange, Esq.  
Attorney for Plaintiff

Dated:  October 26, 2017  
LAWRENCE BEACH ALLEN & CHOI, PC

*/s/ - Jin S. Choi*  
_____  
Jin S. Choi, Esq.  
Attorney for Defendants

*\*Pursuant to Local Rule 5-4.3.4 (a) (2) (i), the filer of this document attests that all other signatories listed on whose behalf the filing is submitted concur in the filing's content and have authorized the filing.  /s/ - Olu k. Orange*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:  _10/30__, 2017

___/S/ Suzanne H. Segal_____  
U.S. MAGISTRATE JUDGE  
HON. SUZANNE SEGAL