UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV17-00781 JAK (SSx) | Date | June 12, 2018 |
|---|---|---|---|
| Title | Maurice Lallemand v. County of Los Angeles, et al. | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. 72); PLAINTIFF'S FED. R. CIV. P. 72 OBJECTION AND REQUEST FOR REVIEW OF DISCOVERY ORDER (DKT. 93)

**I.      Introduction**

Maurice Lallemand ("Plaintiff") brought this civil rights action on January 31, 2017, advancing claims based on the alleged conduct of the Los Angeles Sherriff's Department ("LASD") and several of its officers. The Complaint names the following defendants: the County of Los Angeles (the "County"), Jim McDonnell ("McDonnell"); Ungrey Holifield ("Holifield"); Tawnia Rojas ("Rojas"); Ernesto Valencia ("Valencia"); Andrew Hagewood ("Hagewood"); Matthew Vander Horck ("Vander Horck"); and Allen Castellano ("Castellano") (collectively, "Defendants"). Dkt. 1. The Complaint advances claims against those Defendants who are natural persons in both their individual and official capacities. *Id.* ¶¶ 5-11. It alleges that Plaintiff is employed by the County. *Id.* ¶ 19.

The Complaint advances a total of 11 causes of action. The first six arise under 42 U.S.C. § 1983: (i) First Amendment -- Free Speech, against all Defendants; (ii) Fourteenth Amendment -- Due Process, against all Defendants except McDonnell; (iii) Fourth Amendment -- Unlawful Seizure / Search / Excessive Force against Holifield, Rojas, Valencia and Hagewood; (iv) Conspiracy to Violate Civil Rights, against all Defendants; (v) *Monell*[1] liability of the County for Unconstitutional Policy, Custom, or Procedure; and (vi) Supervisory Liability and Failure to Train against the County, McDonnell and Castellano. *See* Compl. ¶¶ 39-74. The Complaint also advances claims seven through eleven under California law: (vii) Assault, against Holifield, Rojas, Valencia and Hagewood; (viii) Battery, against Holifield, Rojas, Valencia and Hagewood; (ix) Negligence, against all Defendants; (x) violation of the Bane Act, Cal. Civ. Code § 52.1, against all Defendants; and (xi) violation of Cal. Penal Code § 148 against Holifield, Rojas, Valencia and Hagewood. *See* Compl. ¶¶ 75-106.

On October 26, 2017, Plaintiff voluntarily dismissed the following claims: (i) all official capacity claims against Hagewood, Valencia and Holifield[2]; (ii) the Bane Act claim against McDonnell and Castellano;

---
[1] *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 660 (1978).
[2] Claims against Hagewood, Valencia and Holifield in their individual capacities were not dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-00781 JAK (SSx) | Date | June 12, 2018 |
|---|---|---|---|
| Title | Maurice Lallemand v. County of Los Angeles, et al. | | |

(iii) the Battery claim against Hagewood, Valencia, and Rojas; and (iv) the Fourteenth Amendment claim against Castellano and Vander Horck. *See* Dkt. 66. Subsequently, Plaintiff agreed not to contest the dismissal of the conspiracy claim as to the County, McDonnell, Castellano and Vander Horck. *See* Dkt. 75 at 7. Therefore, the conspiracy claim against those Defendants is **DISMISSED**. The remaining causes of action are summarized in the following table:

| Claim Number | Cause of Action / Alleged Violation | Defendants |
|---|---|---|
| 1 | Section 1983 -- First Amendment | County, McDonnell, Castellano, Vander Horck, Holifield, Rojas, Valencia, Hagewood |
| 2 | Section 1983 -- Fourteenth Amendment | County, Holifield, Rojas, Valencia, Hagewood |
| 3 | Section 1983 -- Fourth Amendment | Holifield, Rojas, Valencia, Hagewood |
| 4 | Section 1983 -- Conspiracy | Holifield, Rojas, Valencia, Hagewood |
| 5 | Section 1983 -- *Monell* Claim | County |
| 6 | Section 1983 -- Supervisory Liability | County, McDonnell, Castellano |
| 7 | Assault | Holifield, Rojas, Valencia, Hagewood |
| 8 | Battery | Holifield |
| 9 | Negligence | County, McDonnell, Castellano, Vander Horck, Holifield, Rojas, Valencia, Hagewood |
| 10 | Bane Act | County, Vander Horck, Holifield, Rojas, Valencia, Hagewood |
| 11 | Cal. Penal Code § 148 | Holifield, Rojas, Valencia, Hagewood |

On November 9, 2017, Defendants filed a Motion for Judgment on the Pleadings ("Motion") pursuant to Fed. R. Civ. P. 12(c). Dkt. 72. Defendants seek the dismissal of certain causes of action, as to certain Defendants, on the following grounds:

- Plaintiff's official capacity claims against the individual Defendants are duplicative of the claims against the County;
- Plaintiff's First and Fourteenth Amendment Claims (Claims 1 and 2) are duplicative of the Fourth Amendment claim (Claim 3);
- Plaintiff's conspiracy claim (Claim 4) is not adequately alleged;
- Plaintiff's claims against McDonnell and Castellano are not adequately alleged, and McDonnell and Castellano are entitled to qualified immunity;
- Plaintiff's negligence claim (Claim 9) fails as a matter of law due to the absence of any cognizable duty of care;
- Plaintiff's Bane Act claim (Claim 10) fails as a matter of law because there are no allegations that Plaintiff was subject to threats, intimidation or coercion independent of the inherent effect of the alleged constitutional violations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-00781 JAK (SSx) | | Date | June 12, 2018 |
|---|---|---|---|---|
| Title | Maurice Lallemand v. County of Los Angeles, et al. | | | |

Dkt. 72 at 2.

Plaintiff filed an opposition to the Motion ("Opposition"). Dkt. 75. Defendants filed a Reply. Dkt. 81.

A hearing on the Motion was held on January 22, 2018, and it was taken under submission. For the reasons stated in this Order, the Motion is **GRANTED IN PART** and **DENIED IN PART**, as summarized in the following table:

| Claim Number | Cause of Action / Alleged Violation | Ruling |
|---|---|---|
| Several | All claims against individual defendants in official capacities. | **GRANTED**, with prejudice. |
| 1 | Section 1983 – First Amendment | **DENIED**. |
| 2 | Section 1983 – Fourteenth Amendment | **GRANTED**, without prejudice. |
| 4 | Section 1983 – Conspiracy | **GRANTED**, with prejudice as to the County, McDonnell, Castellano, and Vander Horck, and without prejudice as to Holifield, Rojas, Valencia, and Hagewood |
| 6 | Section 1983 – Supervisory Liability | **GRANTED**, without prejudice. |
| 9 | Negligence | **DENIED**. |
| 10 | Bane Act | **GRANTED**, without prejudice, as to Vander Horck, and **DENIED** as to all other Defendants. |

On January 26, 2018, Plaintiff filed an Objection and Request for Review pursuant to Fed. R. Civ. P. 72 (Dkt. 93 (the "Discovery Objection")) as to the January 12, 2018 order issued by Magistrate Judge Segal resolving certain discovery disputes ("Discovery Order" (Dkt. 88)). Defendants filed an opposition to the Discovery Objection. Dkt. 98 ("Discovery Objection Opposition"). Upon a determination that the issues raised by the Discovery Objection could be decided without a hearing, it was taken under submission. Dkt. 97. For the reasons stated in this Order, the relief requested in the Discovery Objection is **DENIED**.

II.     **Allegations in the Complaint**

      A.     The Parties

Plaintiff is a Senior Investigator for the Los Angeles County Attorney Bureau of Investigation ("BOI"). Compl. ¶ 19. The Complaint alleges that he is a "peace officer" under the applicable statutory definition. *Id.* (citing Cal. Penal Code § 830.1).

McDonnell is, and was at all relevant times, the Sheriff of the LASD. *Id.* ¶ 5. Castellano is, and was at all relevant times, a Captain with the LASD. *Id.* ¶ 6. Vander Horck is, and was at all relevant times, an officer with the LASD. *Id.* ¶ 7. It is alleged that McDonnell, Castellano, and Vander Horck each is policy maker and supervisor within the LASD. *Id.* ¶¶ 5-7. To facilitate the discussion in this Order, the three of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-00781 JAK (SSx) | Date | June 12, 2018 |
|---|---|---|---|
| Title | Maurice Lallemand v. County of Los Angeles, et al. | | |

them are referred to collectively as the "Supervisory Defendants."

Rojas, Holifield, Valencia, and Hagewood are Deputy Sheriffs with the LASD. *Id.* ¶¶ 8-11. Each is alleged to have been present during the incident that forms the factual bases for Plaintiff's claims against them. *See id.* ¶ 22. To facilitate the discussion in this Order, the three of them are referred to collectively as the "Scene Defendants."

      B.      The May 13, 2016 Incident

The Complaint alleges that, on May 13, 2016, Plaintiff was on duty as a Senior Investigator with the BOI. *Id.* ¶ 20. At approximately 6:15 a.m., he went to a residence in Bellflower, California, to attempt to effect personal service of a subpoena on a robbery victim whom he thought resided there. *Id.* The Complaint alleges that Plaintiff drove to the location in a law enforcement vehicle that was made available to him by the County. It is also alleged that when Plaintiff arrived at the location, he used the radio system in the vehicle to log his location. *Id.* He then parked the vehicle across the street from the location. *Id.*

The Complaint alleges that, at all relevant times during the incident, Plaintiff was wearing an exposed lanyard around his neck that contained an identification card that included the word "POLICE." *Id.* ¶ 21. It also alleges that he was wearing his police badge next to his weapon on his belt, and that his county-issued radio was visible and near the outside his left front pocket. *Id.* The Complaint alleges that the identification card, the police badge, the weapon and the radio were all in plain view throughout the relevant time period and events. *Id.*

While Plaintiff was at the location attempting to serve the subpoena, the Scene Defendants arrived. *Id.* ¶ 22. As noted, each of the Scene Defendants is an LASD Deputy Sheriff, and each was allegedly acting in that official capacity at this time. *Id.* ¶¶ 8-11, 22. After Plaintiff noticed that the Scene Defendants had arrived, the Complaint alleges that Plaintiff immediately identified himself to them as a law enforcement officer. *Id.* ¶ 22. Despite this identification, it is alleged that the Scene Defendants proceeded to assault, batter, detain and search Plaintiff. *Id.* Plaintiff alleges that the Scene Defendants threatened him with physical harm, and caused such harm by pushing him and placing him in "compliance holds." *Id.* ¶ 23. Plaintiff alleges that the Scene Defendants placed him in an LASD patrol vehicle, in which another individual was present. *Id.* Plaintiff alleges that this other individual "appeared to be a drug addict experiencing drug use symptoms." *Id.* Plaintiff alleges that he was detained for longer than the period of time necessary for the Scene Defendants to determine that he did not violate, nor was he reasonably suspected of violating, any law. *Id.* It is alleged that in subjecting Plaintiff to this treatment, the Scene Defendants ignored Plaintiff's position as a law enforcement officer, and that he was present at the location in his official capacity. *Id.* ¶ 25.

The Complaint alleges that, during Plaintiff's interaction with the Scene Defendants, he made certain statements to one or more of them. It also alleges that this caused them to retaliate against Plaintiff with physical contact. *Id.* ¶ 22. Specifically, the Complaint alleges that Plaintiff made the following statements and similar ones:

    'You see what happens, now they're all upset.' 'I'm a police officer . . . I work for the DA's office . . . I'm here to serve a subpoena.' 'Hey, he lives in the third house, he's all good, he has nothing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-00781 JAK (SSx) | Date | June 12, 2018 |
|---|---|---|---|
| Title | Maurice Lallemand v. County of Los Angeles, et al. | | |

    to do with this.' 'If this was Lennox, Lennox would not handle this call in this way.' 'You guys are inexperienced and incompetent at what the hell you are doing.' 'Is the sergeant on his way?' 'Oh yea, I'm gonna write paper on this.'

*Id.*

The Complaint alleges that, but for these statements, the Scene Defendants would not have detained him for as long as they did. *Id.* ¶ 24.

  C.  Plaintiff's Attempt to File a Complaint

On July 14, 2016, Plaintiff alleges he went to the LASD Lakewood Station to submit an administrative personnel complaint against the Scene Defendants with respect to their conduct during the May 13 incident. *Id.* ¶ 27. Plaintiff alleges that he had prepared a typewritten statement and that he intended to attach it to a standard LASD complaint form. *Id.*

Upon arriving at the Lakewood Station, Plaintiff alleges that he informed a desk sergeant of his intent to file the complaint. *Id.* ¶ 28. The desk sergeant then informed Vander Horck of Plaintiff's presence. The Complaint alleges that Vander Horck then appeared, approached Plaintiff and stated, "I cleared my calendar for three weeks and now you want to submit your complaint!" *Id.* It is alleged that Vander Horck appeared to be upset. *Id.* Vander Horck and Plaintiff exchanged words, after which Vander Horck and the desk sergeant left to have a brief discussion outside Plaintiff's presence. *Id.* ¶ 29. After some time passed, the sergeant returned to the desk and refused to accept Plaintiff's complaint or attached statement. *Id.*

The Complaint alleges that Defendants agreed, conspired and took collective actions designed and intended to dissuade and mislead him, and thereby deny him the opportunity to file the LASD complaint. It is alleged that they did so as part of a cover up of the conduct of the Scene Defendants during the May 13 incident. *Id.* ¶ 33. It also alleges that Defendants engaged in this conduct in an attempt to limit the harm that would arise from the May 13 incident by preventing its public disclosure. The potential harm included financial liability and negative public perception about the LASD. *Id.* ¶ 35.

The Complaint alleges that the underlying incidents were the result of the failure of the LASD to supervise, train and discipline its personnel. It also alleges that "such failure is in the face of an obvious likelihood that individuals' constitutional rights have been, and are likely to be, violated without appropriate supervision, training, and discipline." *Id.* ¶ 36.

**III.**  **Analysis**

  A.  Motion for Judgment on the Pleadings

    1.  Legal Standards

      a)  Fed. R. Civ. P. 12(c)

Fed. R. Civ. P. 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-00781 JAK (SSx) | Date | June 12, 2018 |
|---|---|---|---|
| Title | Maurice Lallemand v. County of Los Angeles, et al. | | |

trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) parallels one brought under Rule 12(b)(6). Thus, it challenges the legal sufficiency of the pleadings. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999). The alleged facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. *See Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005). When considering a motion for judgment on the pleadings, a court may consider facts that "are contained in materials of which the court may take judicial notice." *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999).

        b)        Section 1983

Section 1983 provides a cause of action against those who, under color of law, violate the federal constitutional or statutory rights of any person. Section 1983 is not a "source of substantive rights," but instead provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A valid claim under § 1983 requires that each of the following be established: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

        2.        <u>Application</u>

The Motion challenges the following: (i) all claims against any individual Defendant in his official capacity; (ii) the Section 1983 claims based on violations of Plaintiff's First and Fourteenth Amendment rights; (iii) the Section 1983 claim based on the alleged conspiracy to violate Plaintiff's civil rights; (iv) all claims advanced against McDonnell and Castellano; (v) the negligence claim; and (vi) the Bane Act claim. *See* Dkt. 72.

        a)        Claims Against Individual Defendants in Their Official Capacity

As noted, McDonnell, Castellano, Vander Horck, Rojas, Holifield, Valencia, and Hagewood have been named both in their individual and official capacities. *See* Compl. ¶¶ 5-11. Defendants argue that the official-capacity claims are duplicative of the claims asserted against the County. Motion, Dkt. 72 at 12-13.

An action against a municipal officer in an official capacity is equivalent to an action against the local government entity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits. . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.') (quoting *Monell*, 436 U.S. at 690 n.55); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) ("A suit against a governmental officer in his official capacity is equivalent to a suit against the government entity itself.").

Since *Monell*, courts have found official-capacity claims against individual defendants to be duplicative of *Monell* claims against the entity. *See, e.g., Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cty*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-00781 JAK (SSx) | Date | June 12, 2018 |
|---|---|---|---|
| Title | Maurice Lallemand v. County of Los Angeles, et al. | | |

*Sheriff Dept.*, 533 F.3d 780, 799 (9th Cir. 2008) ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."); *Luke v. Abbott*, 954 F. Supp. 202, 203 (C.D. Cal. 1997).

Plaintiff has alleged a *Monell* claim against the County. *See* Compl. ¶¶ 61-67. Unlike in *Bio-Ethical Reform*, the individual Defendants are not named "only in an official capacity." 533 F.3d at 799. The Complaint advances individual claims against each of them as well. However, this does not change the outcome as to whether the official-capacity claims against the individual Defendants duplicate the *Monell* claim against the County. *See Graham*, 473 U.S. at 167 n.14 ("There is no longer a need to bring official-capacity actions against local government officials, for under *Monell* . . . local government units can be sued directly for damages and injunctive or declaratory relief."); *Luke*, 954 F. Supp. at 204 ("After the *Monell* holding, it is no longer necessary or proper to name as a defendant a particular local government officer acting in an official capacity.").

For the foregoing reasons, the Motion is **GRANTED** as to the claims against the individual Defendants in their official capacities. This conclusion does not affect either the viability of the *Monell* claims or the claims against these Defendants in their individual capacities.

        b)       First and Fourteenth Amendment Claims

Defendants argue that the claims under the First and Fourteenth Amendment fail under *Albright v. Oliver*, 510 U.S. 266 (1994). *Albright* held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* at 273 (internal quotation marks omitted). Plaintiff responds that the Complaint includes allegations sufficient to establish claims for relief under both the First and Fourteenth Amendments, and that these claims are not barred because a Fourth Amendment claim is also alleged.

*Albright* concluded that the arrest of a person without probable cause did not constitute a violation of that person's substantive due process rights under the Fourteenth Amendment. Instead, the potential violation was of the Fourth Amendment rights of that person. *See id.* at 273-75 (because the Fourth Amendment specifically addressed matters of pretrial deprivations of liberty, substantive due process, with its "scarce and open-ended guideposts, can afford [] no relief" to the person arrested) (citing *Collins v. Harker Heights*, 503 U.S. 115, 125 (1992)). The decision was premised on a reluctance to "expand the concept of substantive due process," *Collins*, 503 U.S. at 125, preferring instead to apply the "specific guarantees of the various provisions of the Bill of Rights." *Albright*, 510 U.S. at 273.

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998), qualified *Albright*. *Lewis* interpreted *Albright* as a decision that did not require that all claims involving allegations of physical abuse by government personnel be analyzed under the Fourth Amendment. 523 U.S. at 843. Under *Albright* and *Lewis*, Plaintiff's First and Fourteenth Amendment claims are only barred if their factual predicate is the same as the basis for his Fourth Amendment claim. *See, e.g.*, *Tarabochia v. Adkins*, 766 F.3d 1115, 1129 (9th Cir. 2014) ("The Fourth Amendment explicitly protects against unreasonable 'searches and seizures' whereas the Fourteenth Amendment due process clause protects against official behavior that 'shocks the conscience.'" (citing *Fontana v. Haskin*, 262 F.3d 871, 881 (9th Cir. 2001)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-00781 JAK (SSx) | Date | June 12, 2018 |
| Title | Maurice Lallemand v. County of Los Angeles, et al. | | |

The Complaint alleges two distinct incidents as the bases for Plaintiff's claims. These are the May 13, 2016 incident in Bellflower, and the July 14, 2016 incident at the LASD station. The allegations with respect to the May 13 incident are sufficient to state a claim under the Fourth Amendment. Thus, they assert a "governmental termination of [Plaintiff's] freedom of movement through means intentionally applied." *Brower v. County of Inyo*, 489 U.S. 593, 597 (1989). The Complaint alleges that the "unlawful seizure, search and prolonged detention of Plaintiff by defendants at the scene . . . were without lawful basis, reasonable suspicion, probable cause, or warrant," and also reflected the use of excessive force. *See* Compl. ¶¶ 50-52. This claim is recognized and to be pursued under the Fourth Amendment based on *Albright* and *Graham*. *See Graham*, 490 U.S. at 395 ("[*A*]*ll* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach") (emphasis in original). To the extent Plaintiff's Fourteenth Amendment claims are based on the May 13 incident, they are "subsumed by, and coextensive with" the Fourth Amendment claim. *Orin v. Barclay*, 272 F.3d 1207, 1213 n.3 (9th Cir. 2001). Because the Fourteenth Amendment claim is alleged as to the Scene Defendants (and the County) only, and because the allegations as to those Defendants only concern the May 13 incident, the Fourteenth Amendment claims fail as duplicative of the Fourth Amendment claim.

In contrast, the First Amendment is an example of the "specific guarantees" of the Bill of Rights, that *Albright*, *Graham*, and *Collins* determined superseded the "scarce and open-ended guideposts" of substantive due process. *See Albright*, 510 U.S. at 273-75. As long as the allegations present a basis for recovery under the First Amendment that is separate from that advanced under the Fourth Amendment, *Albright* does not bar such a claim.

Courts have recognized that police action, including an arrest, search, or seizure, can chill the exercise of a person's First Amendment rights. *See Ford v. Yakima*, 706 F.3d 1188, 1192 (9th Cir. 2013) ("the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers.") (quoting *City of Houston v. Hill*, 482 U.S. 451, 461 (1987)). The Complaint alleges that the conduct of the Scene Defendants on May 13 was prolonged and in retaliation for the statements he made to the defendant officers. *See* Compl. ¶¶ 22-24. It also alleges that Vander Horck refused to accept Plaintiff's complaint form on July 14, 2016, which also violated his First Amendment rights. These factual bases for the First Amendment claim do not entirely overlap with those advanced in support of the Fourth Amendment claim that is based on the conduct of the Scene Defendants. Thus, it is alleged that the Defendants' treatment of Plaintiff was prolonged due to his speech, and Vander Horck retaliated against Plaintiff by refusing to receive his formal complaint. For these reasons, the First and Fourth Amendment claims is each distinct.

For these reasons, the Motion is **GRANTED** as to the Fourteenth Amendment claims, and **DENIED** as to the First Amendment claims.

        c)      Conspiracy Claim

"To state a claim for a conspiracy to violate one's constitutional rights under [S]ection 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). Specifically, Plaintiff must "show an agreement or meeting of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-00781 JAK (SSx) | Date | June 12, 2018 |
|---|---|---|---|
| Title | Maurice Lallemand v. County of Los Angeles, et al. | | |

minds to violate constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989).

Plaintiff does not dispute that he has not advanced any allegations that directly support the existence of an agreement necessary to state a civil conspiracy claim. However, he contends that the Complaint adequately alleges a conspiracy because one may be inferred from conduct, commonality of action, and other circumstantial evidence. *See Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57 (9th Cir. 1999) ("[a] defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions.") (citing *United States v. Calabrese*, 825 F.2d 1342, 1348 (9th Cir. 1987)).

As noted, Plaintiff has conceded that the County, McDonnell, Castellano, and Vander Horck should not have been named as defendants in the conspiracy claim. Dkt. 75 at 7. Plaintiff only advances the conspiracy claim against the Scene Defendants in connection with their conduct during the May 13 incident. Plaintiff argues that, because the Scene Defendants acted in concert, it is reasonable to infer that they agreed to do so. Dkt. 75 at 7. This theory does not excuse the requirement that Plaintiff plead the claim with sufficient specificity. *See Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989). Although "[a] meeting of the minds can be inferred from circumstantial evidence," such evidence must be "sufficient for a reasonable factfinder to conclude it was unlikely to have been undertaken without an agreement of some kind between the defendants." *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (internal quotation marks omitted); *see also Gilbrook*, 177 F.3d at 856 ("A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another . . . ."). The Complaint does not meet these standards. It does not sufficiently allege that the Scene Defendants agreed to engage in any conduct, or that they did so to impede Plaintiff's civil rights.

For the foregoing reasons,, the Motion is **GRANTED** as to the conspiracy claims. Dismissal as to the County, McDonnell, Castellano, and Vander Horck is with prejudice. Dismissal of the conspiracy claim as to the Scene Defendants is without prejudice.

                d)        Claims Against McDonnell and Castellano

Defendants move to dismiss all claims against McDonnell and Castellano because the Complaint does not allege that either was personally involved with any of the alleged violations of Plaintiff's rights. Defendants also argue that McDonnell and Castellano each has qualified immunity as to all of the claims brought against him. Plaintiff responds that claims may be brought under Section 1983 against supervisors for their deliberate indifference toward conduct by subordinates.

Section 1983 does not give rise to *respondeat superior* or vicarious liability. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Therefore, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir. 2005). If an officer's individual conduct did not allegedly violate a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-00781 JAK (SSx) | Date | June 12, 2018 |
| Title | Maurice Lallemand v. County of Los Angeles, et al. | | |

protected right, supervisory liability does not apply. *See, e.g., Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

The Complaint does not present any allegations as to specific actions taken by either McDonnell or Castellano. It alleges that they "acted intentionally, maliciously, in conscious disregard, and/or with deliberate indifference to the rights of [Plaintiff] . . . [and that they] acted in this manner, at least in part, to avoid liability and financial exposure for the LASD and to maintain their reputation and the reputation of the LASD." Compl. ¶ 72. These conclusory allegations as to the motivation of McDonnell and Castellano are not sufficient to state a claim based on any individual conduct by either of them. Such individual conduct is required to support a claim that either exhibited "deliberate indifference based on the supervisor's knowledge of and acquiescence in [the] unconstitutional conduct of [the Scene Defendants, or Vander Horck]." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

Nor does the Complaint sufficiently allege that McDonnell or Castellano knew or should have known that the Scene Defendants would, or did, engage in improper conduct during the May 13 incident, or that Vander Horck would act as he allegedly did on July 14. Based on the present allegations, it cannot reasonably be inferred that the Supervisory Defendants "acquiesce[d]" or exhibited "reckless or callous indifference" with respect to conduct they did not know was going to, or did already, occur. *Menotti*, 409 F.3d at 1149.

For the foregoing reasons, the Motion is **GRANTED**, without prejudice, as to the claims asserted against McDonnell and Castellano.

e) Negligence Claim

Defendants move to dismiss Plaintiff's negligence claim arguing that the Complaint does not identify a statutory basis that permits the claim. Plaintiff responds that public employees are liable for negligence to the same extent as private individuals, that California does not immunize the conduct of police officers incident to a false arrest, and public entities can be vicariously liable under *respondeat superior* for the negligence of their employees while acting within the scope of their employment.

Cal. Civ. Code § 1714 concerns claims of negligence. It provides that "[e]veryone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person . . . ." Cal. Civ. Code § 1714; *see also Santos ex rel. Santos v. City of Culver City*, 228 Fed. Appx. 655, 658 (9th Cir. 2007) ("California Civil Code § 1714 [] codifies the common law duty to act with reasonable care."). Cal. Gov. Code § 820 provides that public employees may be subject to liability for negligence: "Except as otherwise provided by statute (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person." Cal. Gov. Code § 820. Cal. Gov. Code § 815.2 provides that a "public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal Gov. Code § 815.2.

Sections 1714, 820, and 815.2 collectively provide a basis for negligence liability against public employees, and vicarious liability for public entities for negligent acts by their employees that occur

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-00781 JAK (SSx) | Date | June 12, 2018 |
|---|---|---|---|
| Title | Maurice Lallemand v. County of Los Angeles, et al. | | |

within the scope of their employment. See, e.g., *Hayes v. County of San Diego*, 57 Cal. 4th 622, 628-29 (2013); *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925, 932 (1988). Therefore, Defendants' argument that Plaintiff's negligence theory "cannot simply rely on Cal. Civil Code § 1714" (Dkt. 72 at 23) is unconvincing. Plaintiff's negligence claim does not depend on Section 1714 for a duty of care; that statute codifies common law principles of duty that apply in general to negligence claims.

Defendants' reliance on *Eastburn v. Reg. Fire Protection Auth.*, 31 Cal. 4th 1175 (2003), does not change the outcome. *Eastburn* clarified that "direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code section 1714." *Id.* at 1183. However, this does not affect whether there can be vicarious liability based on the acts of public employees. Indeed, *Eastburn* recognized the existence of such vicarious liability under Section 815.2. *See id.* at 1184; *see also Hoff*, 19 Cal. 4th at 932 (providing that public entities may be held liable for torts under a respondeat superior theory).

For the foregoing reasons, the Motion is **DENIED** as to the negligence claims against the County, Vander Horck, Holifield, Rojas, Valencia and Hagewood.

        f)    Bane Act Claim

Defendants challenge the Bane Act arguing that a "wrongful arrest or detention, without more, does not satisfy both elements of section 52.1." Dkt. 72 at 18 (citing *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 69 (2015)). Thus, they contend that the Bane Act claim fails because the Complaint does not allege "threats or coercion beyond the coercion inherent in a detention or search." *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1196 (9th Cir. 2015). Plaintiff responds that the Bane Act claim is sufficiently pleaded because he has alleged coercion greater than that inherent in his detention. Dkt. 75 at 9-11.

The Bane Act provides a private right of action against individuals who violate or interfere with a person's constitutional or statutory rights "by threat, intimidation, or coercion." Cal. Civ. Code § 52.1. The Act was adopted to address hate crimes. *See Bender v. Cty. of Los Angeles*, 217 Cal. App. 4th 968, 977 (2013). However, it has a broader reach, and to state a claim, a plaintiff is not required to show "that [a public entity] or its officers had a discriminatory purpose." *Venegas v. Cty. of Los Angeles*, 32 Cal. 4th 820, 843 (2004).

*Shoyoye v. Cty. of Los Angeles*, 203 Cal. App. 4th 947 (2012) addressed Bane Act claims in the context of an arrest. There, the plaintiff was wrongfully detained in county jail. His initial detention was justified, but was then improperly extended for approximately 16 days due to an inadvertent, clerical error. In considering whether these facts were sufficient to state a claim under the Bane Act, *Shoyoye* explained that the "statutory framework of [the Bane Act] indicates that the Legislature meant the statute to address interference with constitutional rights involving more egregious conduct than mere negligence." *Id.* at 958. Thus, "where coercion is inherent in the constitutional violation alleged, *i.e.*, an overdetention in County jail, the statutory requirement of 'threats, intimidation, or coercion' is not met. The statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself." *Id.* at 959.

In connection with a Bane Act claim that arises from an alleged improper search-and-seizure, *Shoyoye*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-00781 JAK (SSx) | Date | June 12, 2018 |
|---|---|---|---|
| Title | Maurice Lallemand v. County of Los Angeles, et al. | | |

has been interpreted to require independent coercion or intimidation. *See Lyall,* 807 F.3d at 1196 ("[n]umerous California decisions make clear that a plaintiff in a search-and-seizure case must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act"); *Allen,* 234 Cal. App. 4th at 69 ("[A] wrongful arrest or detention, without more, does not satisfy both elements of section 52.1."); *Quezada v. City of Los Angeles,* 222 Cal. App. 4th 993, 1007-1008 (2014).

The issues were addressed anew in *Cornell v. City and Cty. of San Francisco*, 17 Cal. App. 5th 766, 225 Cal. Rptr.3d 356, 359 (2017). There, an off-duty police officer was pursued, searched, and arrested at gunpoint by law enforcement officers who suspected him of being involved in illegal activity related to the sale or distribution of drugs. The off-duty officer then brought civil claims, including one under the Bane Act, against the arresting officers, the Chief of the San Francisco Police Department, and the City and County of San Francisco. *Id.* at 363. Plaintiff prevailed on this claim after a jury trial. The defendants appealed, arguing, among other things, that there was insufficient evidence to support the verdict in favor of plaintiff on the Bane Act claim. *Id.* at 359-60.

The Court of Appeal affirmed. *Id.* at 360. It rejected the view that, to plead a Bane Act claim in the context of an alleged improper search and seizure, there is a *per se* requirement that the plaintiff allege coercion or threats independent of those that state the acts that constituted the alleged violation of the rights of the plaintiff:

> We acknowledge that some courts have read *Shoyoye* as having announced "independen[ce] from inherent coercion" as a requisite element of all Section 52.1 claims alleging search-and-seizure violations, but we think those courts misread the statute as well as the import of *Venegas*. By its plain terms, Section 52.1 proscribes any "interference with" or attempted "interference with" protected rights carried out "by threat, intimidation or coercion." Nothing in the text of the statute requires that the offending "threat, intimidation or coercion" be "independent" from the constitutional violation alleged. Indeed, if the words of the statute are given their plain meaning, the required "threat, intimidation or coercion" can never be "independent" from the underlying violation or attempted violation of rights, because this element of fear-inducing conduct is simply the means of accomplishing the offending deed (the "interference" or "attempted interference"). That is clear from the structure of the statute, which reads, "If a person or persons, whether or not acting under color of law, interferes *by* threat, intimidation, or coercion," a private action for redress is available.

*Id.* at 382-83 (internal citations omitted) (emphasis in original).³

---

³ *Cornell* also addressed the statement in *Lyall* that "[n]umerous California decisions make clear that a plaintiff in a search-and-seizure case must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act," *Lyall*, 807 F.3d at 1196:

> "It strikes us as an overstatement to say there are 'numerous California decisions' for this proposition or that our case law is 'clear' on this point. *Allen*, a pleading case, and the sole published California appellate opinion to consider *Shoyoye* in any depth, ultimately holds only that 'conclusory allegations of 'forcible' and 'coercive' interference with plaintiffs' constitutional rights

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-00781 JAK (SSx) | | Date | June 12, 2018 |
|---|---|---|---|---|
| Title | Maurice Lallemand v. County of Los Angeles, et al. | | | |

*Cornell* then addressed the application of the Bane Act to claims brought under Section 1983 against law enforcement officers:

> In federal court, where Section 52.1 claims are frequently brought along with Section 1983 claims under federal pendant jurisdiction, "[t]he Bane Act's requirement that interference with rights must be accomplished by threats [,] intimidation or coercion 'has been the source of much debate and confusion.'"
>
> . . .
>
> Accordingly, we hold that, where, as here, an unlawful arrest is properly pleaded and proved, the egregiousness required by Section 52.1 is tested by whether the circumstances indicated the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure, not by whether the evidence shows something beyond the coercion "inherent" in the wrongful detention.

*Id.* at 383-84 (internal citations omitted).

Under *Cornell*, the Complaint adequately alleges that Plaintiff was falsely arrested and subjected to excessive force, and that this resulted in violations of both Section 1983 and the Bane Act. Thus, it sufficiently states and implies that there was inherent coerciveness in the alleged treatment of Plaintiff when he was arrested and detained by the Scene Defendants to state both claims. *See id.* at 383-84. It also alleges that the Scene Defendants had the specific intent to violate his rights. *See, e.g.*, Compl. ¶¶ 25, 34-35.

Even if *Shoyoye* were interpreted more narrowly, the Complaint here would still be sufficient to state a Bane Act claim. *Shoyoye* addressed whether allegations of wrongful detention alone are sufficient to state a Bane Act claim. *See Villareal v. City of Indio*, No. 16-cv-00141-JAK, 2016 WL 6678010, at *9 (C.D. Cal. June 20, 2016). The Complaint here alleges "something more." The Complaint alleges that there was excessive force and a wrongful arrest, and then adds that the Scene Defendants prolonged Plaintiff's detention to retaliate for the comments he made to them. *See* Compl. ¶ 24.

The outcome is different with respect to the Bane Act claims against Vander Horck. The Complaint does not sufficiently allege that he threatened, intimidated, or coerced Plaintiff. The Complaint alleges that Vander Horck directed a sergeant to refuse to accept the complaint that Plaintiff wanted to submit about the conduct of the Scene Defendants during May 13 incident. *See id.* ¶ 29. Although these allegations may be sufficient to state a claim for the violation of speech protected by the First Amendment, they are not sufficient to show any threat or intimidation. *See, e.g.*, *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883 (2007) ("The essence of a Bane Act claim is that the

---

are inadequate to state a cause of action for a violation of section 52.1.' *Quezada* refers briefly to *Shoyoye*'s independent from inherent coercion test in a background summary of Section 52.1 law, but never applies it, relying instead on the fact that no coercion at all was present in the case."

*Cornell*, 225 Cal. Rptr. 3d at 383 n.28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-00781 JAK (SSx) | Date | June 12, 2018 |
|---|---|---|---|
| Title | Maurice Lallemand v. County of Los Angeles, et al. | | |

defendant, by the specified improper means (*i.e.* 'threats, intimidation or coercion') tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law.").

For the foregoing reasons, the Motion is **DENIED** as to the Bane Act claims against the Scene Defendants. The Motion is **GRANTED**, without prejudice, as to the Bane Act claims against Vander Horck.

      B.     Discovery Objection Pursuant to Fed. R. Civ. P. 72

           1.     <u>The Discovery Order</u>

The Discovery Objection seeks review of the January 12, 2018 Discovery Order that granted in part and denied in part Plaintiff's motion to compel further responses by the County to Plaintiff's requests for production of documents ("RFP"). *See* Dkt. 88 (Discovery Order). The focus is on the determination with respect to the following document requests, which Plaintiff claims are relevant to the *Monell* claims and the financial condition of certain Defendants:

**RFP No. 11**: For the past ten years, every WRITING maintained, received, or generated by YOU, or available to YOU, which mentions, or is in any way related to, discipline, sanctions, investigations, review, personnel complaints, claims for damages, grievances, or disciplinary action that against, and/or involving YOUR employees, officials, and/or agents that relate in any way to excessive force, arrests and/or detentions for First Amendment (US Constitution) activity, false arrests, false reporting and/or moral turpitude offences.

**RFP No. 13**: For the past ten years, every WRITING maintained, received, or generated by YOU, or available to YOU, which constitutes, mentions, or is in any way related to any lists and/or compilations of deputies and/or other Los Angeles Sheriff's Department personnel (to wit approximately 300) sent and/or attempted to be communicated from Defendant McConnell [sic] to Los Angeles County District Attorney Jackie Lacey.

**RFP No. 15**: For the past ten years, every WRITING maintained, received, or generated by YOU, or available to YOU, which mentions, constitutes, or in any way related to, training, guidelines, protocols, policies, and/or procedures that in any way relate or are applicable to (i) the MAY INCIDENT; (ii) the JULY INCIDENT; (iii) identification of law enforcement officers in the field; (iv) detention and arrest of PERSONS during a pedestrian encounter; (v) detention and arrest of PERSONS known to be law enforcement officers; (vi) report writing; (vii) truthfulness; (viii) the public trust; (ix) audio and video recording of encounters and contacts with persons in the field; and (x) First Amendment (U.S. Constitution) activity.

**RFP No. 23**: Every WRITING maintained, received, or generated by YOU or available to YOU, which mentions, constitutes, concerns, or is related to the financial condition of any of the individual defendants in this case.

The Discovery Order concluded that RFPs 11, 13, and 15, are "patently overbroad and disproportionate to the needs of this case," based on the finding that they did not "give reasonable notice of what is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-00781 JAK (SSx) | Date | June 12, 2018 |
| Title | Maurice Lallemand v. County of Los Angeles, et al. | | |

called for and what is not." Dkt. 88 at 26. The Discovery Order reached a similar determination with respect to RFP 23, which it deemed "patently overbroad and disproportionate to the needs of this case." *Id.* at 30. The Order added that information about the financial condition of any of the individual Defendants could be more efficiently obtained by deposing each of them. *Id.* at 30-31. It also decided that, based on a review of the video of the May 13, 2016 Incident, the likelihood of finding a basis for an award of punitive damages against the individual Defendants appeared to be low, and that, in light of this, their privacy interests in their financial information outweighed Plaintiff's need for the discovery at this time. *Id.* at 31.

Plaintiff argues these determinations were in error. He contends that RFPs 11, 13, and 15 are not overbroad because they seek documentary evidence necessary for the *Monell* claim against the County, and the requested categories of documents are described with reasonable particularity. *See* Dkt. 93 at 8. In support of this position, Plaintiff argues that RFP 11 seeks documents related to the discipline of officers, which is relevant to establishing knowledge of civil rights violations. *Id.* Plaintiff contends that RFP 13 seeks documents relating to "the now infamous list of 300 (aka 'Brady List') of defendant's officers who have committed civil rights violations compiled by Defendant McDonnell, all of whom defendant County's chief prosecutor reportedly refuses to prosecute – and most of whom defendant McDonnell has not terminated, effectively disciplined or arrested." *Id.* at 8-9. Finally, Plaintiff argues that RFP 15 seeks evidence of certain LASD policies that are needed so that an expert can assess whether they are sufficient to ensure the protection of the constitutional rights of those detained and arrested by LASD deputies. *Id.* at 9.

Defendants argue that there was no error in the Discovery Order as to the determination that RFPs 11, 13, and 15 are overbroad. Thus, they content that these requests seek documents generated during a 10-year period, on a wide range of topics. *See* Dkt. 98 at 3. With respect to RFP 23, Defendants contend that a request for punitive damages does not per se entitle a plaintiff to financial records of law enforcement personnel. *Id.* at 5. Defendants argue that, discovery on punitive damages is generally not necessary until a finding of potential liability is made by the fact-finder. *Id.*

      2.      <u>Legal Standards</u>

Pretrial discovery matters are non-dispositive. Therefore, a magistrate judge has the authority to resolve a discovery dispute. *See Grimes v. City and County of S.F.*, 951 F.2d 236, 240 (9th Cir. 1991)). Fed. R. Civ. P. 72(a) sets forth the standards for a review of a non-dispositive ruling by a magistrate judge. It provides that "[t]he district judges in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). A district court has "the power to 'affirm, modify, vacate, set aside or reverse' the magistrate judge's order and 'may remand the cause and direct the entry of such appropriate judgment, decree or order or require such further proceedings . . . as may be just under the circumstances.'" *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 971 (C.D. Cal. 2010) (quoting 28 U.S.C. § 2106).

When considering findings of fact, the district court applies the "clearly erroneous" standard, which is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. Of Cal., Inc. v. Constr. Laborers Pens. Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted). Legal conclusions are reviewed *de novo. See Adolph Coors Co. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-00781 JAK (SSx) | Date | June 12, 2018 |
|---|---|---|---|
| Title | Maurice Lallemand v. County of Los Angeles, et al. | | |

*Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983); *Crispin*, 717 F. Supp. 2d at 971.

Where the decision concerns a question of relevance, "the [district court] must review the magistrate's order with an eye toward the broad standard of relevance in the discovery context. Thus, the standard of review in most instances is not the explicit statutory standard, but the clearly implicit standard of abuse of discretion." *Geophysical Sys. Corp. v. Raytheon Co.*, 117 F.R.D. 646, 647 (C.D. Cal. 1987). A magistrate judge abuses this discretion "only when [her] discretion is based on an erroneous conclusion of law or where the record contains no evidence on which [she] rationally could have based that decision." *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).

   3.  <u>Application</u>

A review of the Discovery Order and other materials submitted in connection with the Discovery Objection shows that Judge Segal did not err. Instead, it shows that she properly considered Plaintiff's arguments in support of the challenged RFPs, and entered an order that is neither clearly erroneous nor contrary to law.

With respect to RFPs 11, 13, and 15, Judge Segal reasonably determined that each was overbroad. *See* Dkt. 88 at 26-27. These RFPs seek documents from a ten-year period that are "in any way related to" a wide range of subject matters. With specific respect to RFP 13, Plaintiff has not demonstrated how the identification of those LASD deputies who may have been disciplined or prosecuted is relevant to his allegations in support of his *Monell* claims. RFPs 11, 13, 15 may well cover certain documents whose production would be appropriate. However, the Discovery Order correctly concluded that there is no requirement that a reviewing court rewrite discovery requests in order to make them comply with Fed. R. Civ. P. 26 and 34. *See, e.g., Kilby v. CVS Pharmacy, Inc.*, No. 09-cv-2051, 2017 WL 1424322, at *4 n.3 (S.D. Cal. Apr. 19, 2017) ("Particularly when a party stands on an overly broad request and does not make a reasonable attempt to narrow it or to explain the need for such a broad range of documents and/or information, the Court will not rewrite a party's discovery request to obtain the optimum result for that party. That is counsel's job.") (internal citations and quotation marks omitted).

For these reasons, the Discovery Objection is **DENIED** with respect to RFPs 11, 13, and 15.

With respect to RFP 23, the Discovery Order determined that the information requested by Plaintiff as to the financial conditions of the individual defendants was both overbroad, and unnecessary. That determination was neither clearly erroneous nor contrary to law. Discovery of the financial conditions of these parties is relevant to the issue of punitive damages only if a basis for such liability is found by the fact-finder. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981) ("evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded"). However, whether such discovery should proceed requires a balancing of its need and the privacy rights of the individuals whose financial information has been requested. *See, e.g., Vieste, LLC v. Hill Redwood Dev.*, No. 09-cv-4024, 2011 WL 855831, at *2 (N.D. Cal. Mar. 9, 2011).

The Discovery Order reflects an appropriate balancing of these competing interests. On that basis it properly decided that discovery requests relevant to punitive damages were premature. *See* Dkt. 88 at 30-31. For these reasons, the Discovery Objection is **DENIED** as to RFP 23; provided, however, that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-00781 JAK (SSx) | Date | June 12, 2018 |
|---|---|---|---|
| Title | Maurice Lallemand v. County of Los Angeles, et al. | | |

this determination is without prejudice to Plaintiff's ability to renew its request promptly if the fact-finder concludes that there is a basis to award punitive damages. Because that finding would occur during the trial, the individual Defendant shall gather the responsive information sufficiently far in advance of the trial so that there would be no delay between an order directing its disclosure to Plaintiff, and compliance with such an order.

**IV.     Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED** as to the following: (i) all claims against the Defendants in their official capacities; (ii) Claim 2 (Fourteenth Amendment); (iii) Claim 4 (conspiracy); (iv) all claims against McDonnell and Castellano; and (v) Claim 10 (Bane Act) against Vander Horck. Dismissal of these claims is without prejudice, except as to the conspiracy claims against the County, McDonnell, Castellano, and Vander Horck, which are dismissed with prejudice. The Motion is **DENIED** as to all other claims. Any amended complaint shall be filed by June 27, 2018. The relief sought through the Discovery Objection is **DENIED**.

**IT IS SO ORDERED.**

                                                                                                                       :

Initials of Preparer    ak