**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| MAURICE LALLEMAND, | Case No. CV 17-0781 JAK (SSx) |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR ORDER COMPELLING PRODUCTION OF LIMITED PERSONNEL RECORDS PURSUANT TO PROTECTIVE ORDER** |
| v. | |
| COUNTY OF LOS ANGELES, et al., | |
| Defendants. | **[Dkt. No. 109]** |

On June 7, 2008, Defendants County of Los Angeles, Jim McDonnell, Ungrey Holifield, Tawnia Rojas, Ernesto Valencia, Andrew Hagewood, Matthew Vanderhorck and Allen Castellano collectively filed an "Ex Parte Application for an Order Compelling Production of Limited Personnel Records Subject to Protective Order, or, Alternatively, for an Order Shortening Time to Hear Defendants' Motion to Compel Production of Documents," ("Ex Parte Application" or "Ex Parte Appl."), including the declaration of Marvin C. Cho ("Cho Decl."). (Dkt. No. 109). Defendants seek an Order compelling production of Plaintiff Maurice Lallemand's personnel file kept by his employer, the Los Angeles County District Attorney Bureau of Investigation ("LACDA-BOI").

1    On June 11, 2018, Plaintiff filed an Opposition to the Ex
2  Parte Application, ("P Opp."), supported by the declaration of Olu
3  K. Orange ("Orange Decl."). (Dkt. No. 111). That same day, third
4  parties Los Angeles County District Attorney's Office, LACDA-BOI
5  Sgt. Jose Cisneros and former LACDA-BOI Investigator Mark Felix
6  (collectively, the "DA") filed the "Declaration of Raymond J.
7  Fuentes in Opposition to Ex Parte Application." ("Fuentes Decl.,"
8  Dkt. No. 112).

9

10    On June 12, 2018, the Court held a telephonic hearing.
11  Following the hearing, pursuant to the Court's instruction, the DA
12  filed a "Supplemental Declaration of Raymond J. Fuentes in
13  Opposition to Ex Parte Application." ("Fuentes Supp. Decl.," Dkt.
14  No. 113). On June 13, 2018, the DA filed an "Amended Supplemental
15  Declaration of Raymond J. Fuentes in Opposition to Ex Parte
16  Application." ("Fuentes Am. Supp. Decl.," Dkt. No. 115). For the
17  reasons stated below and on the record at the hearing, the Ex Parte
18  Application is DENIED.

19

20                                **II.**
21                        **BACKGROUND FACTS**

22

23    Plaintiff is a Senior Investigator at LACDA-BOI.
24  ("Complaint," Dkt. No. 1, ¶ 19). Plaintiff alleges in this action
25  that certain Los Angeles County Sheriff's Department ("LASD")
26  Deputies "ignored his status as a peace officer," (id. ¶ 25), and
27  "wrongfully and unlawfully assaulted, battered, detained, searched
28  and retaliated against [him] for attempting to perform his duties

1  and attempting to exercise his right to free speech." (Id. ¶ 22).

2  Plaintiff further alleges that Defendants conspired to "dissuade,

3  mislead and deny him the opportunity to file [a] complaint" with

4  the LASD about the incident.  (Id. ¶ 29).

5

6      On March 23, 2018, Defendants served the "Los Angeles County

7  District Attorney's Office" with a subpoena to produce materials

8  in Plaintiff's personnel file. (Cho Decl. ¶ 2 & Exh. A at 18-22).[1]

9  Defendants simultaneously served a deposition subpoena on Sgt.

10  Cisneros, Plaintiff's direct supervisor, which included the same

11  document request as that served on the District Attorney's Office.

12  (Id. ¶ 3 & Exh. A at 23-27).  The subpoenas sought production of

13  "Any and all documents contained in Plaintiff Maurice Lallemand's

14  personnel file including, but not limited to, performance

15  evaluations, complaints made by and against Lallemand, and

16  disciplinary actions." (Id., Exh. A at 18, 23).[2]

17

18      On April 26, 2018, Cho sent an email to Plaintiff's counsel,

19  Olu Orange, asking whether Plaintiff would agree to a proposed

20  stipulation to reopen discovery for the limited purposes of taking

21
22  [1] In the absence of consecutive pagination, the Court will cite to
    specific pages of Exhibits submitted by any party by the CM/ECF
23  page numbers on the Court's docket.

24  [2] On March 28 and 29, 2018, DA counsel Raymond J. Fuentes attempted
    to correspond via email with Defendants' counsel Marvin C. Cho
25  regarding the need for a protective order and to inform Defendants'
    of the DA's assertion of various privileges in opposition to the
26  subpoenas.  (See Fuentes Supp. Decl., Exhs. 2-3).  However, as
    Fuentes admitted in his Amended Supplemental Declaration, those
27  March 2018 emails were sent to an incorrect address. (Fuentes Am.
    Supp. Decl. ¶¶ 5-6).  Cho represented at the hearing that he never
28  received the March 28 and 29 emails from Fuentes.

1    the depositions of Jose Cisneros and Mark Felix, and, separately,

2    if Plaintiff would agree to enter into a protective order for the

3    production of Plaintiff's personnel file. (Orange Decl., Exh. A

4    at 1). Orange responded on April 30, 2018, stating that Plaintiff

5    did not have any objections to the depositions of Cisneros and

6    Felix, but would not agree to the production of Plaintiff's

7    personnel file. (Id.). On May 3, 2018, the Parties filed a Joint

8    Stipulation to reopen discovery solely for the purpose of taking

9    the Cisneros and Felix depositions. (Dkt. No. 106). The District

10   Judge granted the Stipulation on May 7, 2018 and ordered that those

11   two depositions be taken by June 18, 2018. (Dkt. No. 108; see also

12   Cho Decl. ¶ 5).

13

14       On May 9, 2018, Cho forwarded a proposed stipulation for a

15   protective order to Fuentes for his review and signature. (Fuentes

16   Am. Supp. Decl. Exh. 5 at 9-10). On May 12, 2018, Fuentes sent an

17   email to Cho in which he stated that Plaintiff had contacted the

18   District Attorney's Office to object to the production of his

19   personnel file, and that Fuentes' office had spoken to Plaintiff's

20   attorney, Orange, who likewise objected to the production of the

21   personnel file and refused to sign the stipulation for protective

22   order to prepare for the production. (Cho Decl. ¶ 7; see also

23   Fuentes Am. Supp. Decl. Exh. 5 at 9). Fuentes further stated that

24   in light of Plaintiff's objections, the District Attorney's Office

25   was "obligated to object to the production of Mr. Lallemand's

26   personnel file." (Id.).

27   \\

28   \\

1    On May 15, 2018, Cho sent Fuentes and Orange a meet and confer
2    letter regarding the production of Plaintiff's personnel file.
3    (Cho Decl., Exh. A at 41-43).   In the letter, Cho agreed to narrow
4    the document requests, and notified the parties that if they did
5    not agree to the production, Defendants would file an Ex Parte
6    Application for an order compelling production of the file.   (Id.
7    at 43).   On May 16, 2018, Fuentes sent an email to Cho explaining
8    that Plaintiff and his attorney objected to the production of
9    Plaintiff's personnel file on the grounds that the information was
10   privileged and confidential and the subpoena was overbroad.
11   (Fuentes Am. Supp. Decl., Exh. 7 at 35).   Fuentes further explained
12   that the proposed deponent, Sgt. Cisneros, "does not have control,
13   dominion and/or access to Mr. Lallemand's Personnel File; and, as
14   such, is not in a position to produce Mr. Lallemand's Personnel
15   File."   (Id.).   Accordingly, Fuentes stated that Cisneros "will
16   object to any Motion to Compel the Personnel File."   (Id.).

17

18   On May 29, 2018, Cho delivered Defendants' portion of a Joint
19   Stipulation to Fuentes.   (Cho Decl. ¶ 11 & Exh. A at 1-14).   Fuentes
20   sent an email to Cho on May 30, 2018 summarizing the objections of
21   the District Attorney's Office and Sgt. Cisneros to the subpoenas
22   on the grounds of (1) various privileges, (2) Plaintiff's personal
23   objections to the production of his file, (3) the need for a court
24   order in light of Plaintiff's objections to the production, and
25   (4) Cisneros' lack of possession, custody or control over the
26   requested materials.   (Fuentes Decl. Exh. 1 at 5).   In the email,
27   Fuentes specifically asked Cho to advise the Court of his clients'
28   objections to the Ex Parte Application and Motion to Compel.   (Id.).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.**

**DISCUSSION**

**A.    Ex Parte Relief Is Not Warranted**

Ex parte applications are solely for extraordinary relief and should be used with discretion.   See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488 (C.D. Cal. 1995).   Evidence must show that the moving party's cause "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures."   Id. at 492.   Moreover, the moving party must establish that it is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."   Id.

Here, Defendants have failed to show irreparable prejudice or that they were without fault in creating the crisis requiring ex parte relief.   At the hearing, Defendants were unable to identify any specific information in Plaintiff's personnel file that they anticipated would be relevant to their case.   Instead, Defendants merely speculated that the file might contain such information. Accordingly, Defendants have not shown that they would be irreparably prejudiced if this dispute were heard on a regularly noticed motion.

Furthermore, Defendants were plainly responsible for the delay in pursuing this discovery and in seeking judicial relief.   At the outset of this litigation, the District Judge plainly defined the

6

fact discovery cut-off as "the final day for completion of non-expert discovery, <u>including resolution of all discovery motions</u>." ("Order Setting Rule 16(b)(/26(f) Scheduling Conference," Dkt. No. 45 at 3) (emphasis added).[3]  Nonetheless, as further discussed in Part III.B below, Defendants waited until the <u>end</u> of the fact discovery period even to serve the subpoenas, without allowing a sufficient cushion of time to resolve any discovery disputes that might arise in connection with the subpoenas.   Defendants were unable at the hearing on the ex parte to provide any persuasive justification for failing to seek the personnel file earlier in the case.   Furthermore, once discovery was reopened for limited purposes, Defendants also delayed bringing this matter to the Court, even after being unequivocally put on notice that Plaintiff and the DA opposed the production of Plaintiff's personnel file. The Court is not persuaded that this Ex Parte Application could not have been brought as a regularly noticed motion, had Defendants proceeded with reasonable diligence.  Accordingly, Defendants have failed to show an entitlement to ex parte relief.

---

[3] Judge Kronstadt's form Consolidated Standing Orders for Civil Cases, available on the Court's website, likewise includes this definition of the discovery cut-off, and appears to be not only the source of the definition in the Order Setting Rule 16(b)(/26(f) Scheduling Conference, but also the currently operative version of the definition.  (See http://www.cacd.uscourts.gov/honorable-john-kronstadt, "Consolidated Standing Orders for Civil Cases (Revised 09-16-16)," at 40).

7

**B.    Defendants Have Not Shown Good Cause To Warrant Relief From The Scheduling Order**

Fact discovery closed in this matter on April 9, 2018. (See Dkt. No. 100).  On May 7, 2018, the District Judge reopened discovery pursuant to the parties' stipulation "for the limited purpose of taking the depositions of (1) Jose Cisneros and (2) Mark Felix." (Dkt. No. 108).  The parties' stipulation did not seek to reopen discovery for the purpose of obtaining Plaintiff's personnel file, and the District Judge's Order did not expressly grant such permission.  (See Dkt. Nos. 106, 108).  Indeed, Defendants had specifically inquired whether Plaintiff would agree to stipulate to reopen discovery for the production of Plaintiff's personnel file, and Plaintiff would not consent.  (Orange Decl., Exh. A at 1).  Accordingly, Plaintiff's personnel file was not included in the Court's Order reopening discovery for limited purposes, and Defendants' pursuit of the file after the April 9, 2018 cut-off appears untimely.

The undersigned does not have the authority to alter the scheduling order set by the District Judge. See Watts v. Allstate Indemnity Co., 2012 WL 5289314, at *2 (E.D. Cal. Oct. 23, 2012) (magistrate judge does not have authority to amend district judge's scheduling order or to hear untimely discovery disputes); UMG Recordings, Inc. v. Disco Azteca Distribs., Inc., 2006 WL 2034689, at *3 (E.D. Cal. July 18, 2006) ("Of course, the magistrate judge is not empowered to modify the district judge's scheduling order.").  Even if the Court had such authority, Defendants would

still need to show good cause for amendment of the scheduling
order, which Defendants have not done here. As one court explained:

> Rule 16 of the Federal Rules of Civil Procedure
> authorizes the court to enter pretrial scheduling
> orders, which set dates for the completion of discovery,
> the hearing of dispositive motions, trial, and other
> matters. Rule 16(b) provides that the "scheduling order
> shall not be modified except by leave of court and upon
> a showing of good cause." Fed. R. Civ. Proc. 16(b).
> Thus, when a plaintiff seeks to continue the dates set
> by the court at a scheduling conference, it must first
> show "good cause" for modification of the scheduling
> order under Rule 16(b). See Zivkovic v. Southern
> California Edison Co., 302 F.3d 1080, 1087 (9th Cir.
> 2002); Johnson v. Mammoth Recreations, Inc., 975 F.2d
> 604, 608 (9th Cir. 1992).

> This "good cause" standard "primarily considers the
> diligence of the party seeking the amendment." Johnson,
> supra, 975 F.2d at 609. A party demonstrates good cause
> for the modification of a scheduling order by showing
> that, even with the exercise of due diligence, he or she
> was unable to meet the timetable set forth in the order.
> See Zivkovic, supra, 302 F.3d at 1087; Johnson, supra,
> 975 F.2d at 609. "If the party seeking the modification
> 'was not diligent, the inquiry should end' and the motion
> to modify should not be granted." Zivkovic, supra, 302

F.3d at 1087 (citation omitted).  See also Johnson,
supra, 975 F.2d at 609 ("Although the existence or degree
of prejudice to the party opposing the modification
might supply additional reasons to deny a motion, the
focus of the inquiry is upon the moving party's reasons
for seeking modification").

Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha, 218 F.R.D.
667, 671 (C.D. Cal. 2003).

Defendants waited until the very end of the discovery period
to serve subpoenas for the production of Plaintiff's personnel
file.  At the hearing on the Ex Parte Application, the Court
specifically afforded Defendants an opportunity to explain why they
had delayed serving the subpoenas, and counsel was unable to
identify any persuasive reason why the discovery was not and could
not have been propounded sooner.  Defendants did not show that the
relevance of the information they hoped to find in Plaintiff's
personnel file became apparent only after Plaintiff had been
deposed, for example.  Indeed, requests for information included
in law enforcement officers' personnel files are somewhat routine.
If Defendants believe that Plaintiff's file may potentially contain
helpful information, the need to pursue that information should
have been discernable from the beginning of this litigation.
Therefore, Defendants have not demonstrated the diligence that
would ordinarily be required to amend a scheduling order to seek
late discovery.

**C.  Defendants Have Not Shown That Cisneros Has Possession, Custody Or Control Of The Documents Requested**

"The party to whom a subpoena for records is issued must produce only those records which are in his 'possession, custody or control.'"  United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) (quoting Fed. R. Civ. P. 34(a) (footnote omitted)).  "Control is defined as the legal right to obtain documents upon demand."  Int'l Union, 870 F.2d at 1452.  "The party seeking production of the documents . . . bears the burden of proving that the opposing party has such control."  A mere "practical" ability to obtain the documents -- i.e., a supervisor may go into an employee's file -- is not sufficient for Rule 45.  See In re Citric Acid Litigation, 191 F.3d 1090, 1107-8 (9th Cir. 1999) (separate corporate entities, even with the "practical" ability to obtain documents, lack legal control and therefore cannot be compelled to produce); Thompson v. Gonzales, 2016 WL 5404436 at *2 (E.D. Cal. 2016) (correctional officers have no duty to produce prison records that they have no legal right to obtain).

Even if the Court were to construe the District Judge's Order reopening discovery for the limited purpose of taking Cisneros' deposition to include the production of documents requested in the subpoena served on Cisneros, Defendants' Ex Parte Application would still fail.  Fuentes explicitly informed Cho that while Cisneros "has information about the underlying incident," Cisneros "is not the custodian of records for the District Attorney's Office," and

11

therefore does not have legal "control" over Plaintiff's personnel file.  (Fuentes Decl., Exh. 1 at 5).  It is Defendants' burden to show that Cisneros in fact has such control, which Defendants have failed to meet.  This is an alternate and independently sufficient basis for denying the Ex Parte Application.

**IV.**

**CONCLUSION**

For the reasons stated above and at the hearing, Defendants' Ex Parte Application is DENIED.

DATED:  June 14, 2018

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE